# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 22-1636V
### Filed: June 22, 2023

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
                                                  *
EMILY BARMICHAEL, as parent and legal             *
representative of her  minor child, E.C.B.,       *
                                                  *
                                                  *
             Petitioner,                          *
                                                  *
                                                  *
v.                                                *
                                                  *
                                                  *
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *
                                                  *
                                                  *
             Respondent.                          *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Ramon Rodriguez III*, Sands Anderson PC, Richmond, VA, for Petitioner
*James Lopez*, U.S. Department of Justice, Washington, DC, for Respondent

## RULING ON ENTITLEMENT[1]

**Oler**, Special Master:

On November 2, 2022, Emily Barmichael ("Ms. Barmichael" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleges that the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine her daughter, E.C.B., received on

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

November 13, 2019 caused her to develop "an aluminum allergy, post-vaccination granuloma, lymphadenopathy and resultant sequelae." *Id.* at 1; Resp't's Rep. at 1.

On June 22, 2023, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Resp't's Rep. at 1-2, ECF No. 17. Specifically, Respondent states that

> Medical personnel at the DICP, Department of Health and Human Services, have reviewed the petition and medical records filed in this case and concluded that E.C.B. developed a benign granuloma in her right thigh, which was more likely than not a localized allergic reaction to the DTaP vaccine. No other causes for E.C.B.'s granuloma have been identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). In addition, given the medical records outlined above, petitioner has satisfied the statutory requirement that E.C.B.'s injury lasted for at least six months, or resulted in "inpatient hospitalization and surgical intervention" as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i),(iii). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 12. Respondent notes that the scope of damages should be limited to E.C.B.'s benign granuloma and related sequelae, and not Petitioner's claimed development of an aluminum allergy, lymphadenopathy, and/or dermatitis. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation for a benign granuloma.** A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master