# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1636V
Filed: March 7, 2024

```
* * * * * * * * * * * * * * * * * * * * * * * * *   *
                                                    *
                                                    *
EMILY BARMICHAEL, as parent and legal               *
representative of her minor child, E.C.B.,          *
                                                    *
                                                    *
               Petitioner,                          *
                                                    *
                                                    *
v.                                                  *
                                                    *
                                                    *
SECRETARY OF HEALTH AND                             *
HUMAN SERVICES,                                     *
                                                    *
                                                    *
               Respondent.                          *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Ramon Rodriguez III*, Sands Anderson PC, Richmond, VA, for Petitioner
*James Lopez*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING DAMAGES[1]

On November 2, 2022, Emily Barmichael ("Petitioner") filed a petition on behalf of her daughter, E.C.B., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that E.C.B. developed an "aluminum allergy, post-vaccination granuloma, lymphadenopathy, and resultant sequelae" from the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine E.C.B. received on November 13, 2019. *See* Pet. at 1; ECF No. 35 ("Proffer") at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On June 22, 2023, Respondent filed a Rule 4(c) Report conceding entitlement to compensation. Resp't's Rep. at 1, ECF No. 17. Specifically, Respondent stated that

> Medical personnel at the DICP, Department of Health and Human Services, have reviewed the petition and medical records filed in this case and concluded that E.C.B. developed a benign granuloma in her right thigh, which was more likely than not a localized allergic reaction to the DTaP vaccine. No other causes for E.C.B.'s granuloma have been identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). In addition, given the medical records outlined above, petitioner has satisfied the statutory requirement that E.C.B.'s injury lasted for at least six months, or resulted in "inpatient hospitalization and surgical intervention" as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i),(iii). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 12.

On the same day, I issued a Ruling on Entitlement finding that Petitioner was entitled to compensation for a benign granuloma due to Respondent's concession in his Rule 4(c) Report. ECF No. 18.

Respondent filed a proffer on March 7, 2024 (ECF No. 35), agreeing to issue the following payment:

> A lump sum of **$25,000.00** for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of E.C.B. for the benefit of E.C.B., and

> A lump sum of **$715.94**, representing compensation for satisfaction of Simply Healthcare Plans, Inc.'s ("SHP") Medicaid Managed Care Plan Lien, payable jointly to petitioner and to
>
>> Simply Healthcare
>> P.O. Box 659940
>> San Antonio, TX 78265

> Petitioner agrees to endorse this payment to SHP for satisfaction of the Medicaid lien.

> These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt Respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMILY BARMICHAEL, as parent and legal representative of her minor child, E.C.B., | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 22-1636V ) Special Master Katherine E. Oler ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Procedural History**

On November 2, 2022, Emily Barmichael, as parent and legal representative of her minor child, E.C.B., ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.* ("Vaccine Act" or "Act"). Petitioner alleged that E.C.B. developed an "aluminum allergy, post-vaccination granuloma, lymphadenopathy, and resultant sequelae" caused-in-fact by the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine administered on November 13, 2019. *See* Petition at 1.

On June 22, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that E.C.B. developed a benign granuloma in her right thigh, which was more likely than not a localized allergic reaction to the DTaP vaccine. ECF No. 17. Respondent did not concede petitioner's other claimed injuries, including an aluminum allergy, lymphadenopathy, and/or dermatitis. On June 22, 2023, Special Master Oler issued a ruling on entitlement, finding that petitioner was entitled to compensation for a benign granuloma. ECF No. 18.

**II.     Items of Compensation**

   A.     Pain and Suffering

Respondent proffers that petitioner, for the benefit of E.C.B., should be awarded $25,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B.     Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy Simply Healthcare Plans, Inc.'s ("SHP") Medicaid Managed Care Plan Lien in the amount of $715.94, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action SHP may have against any individual as a result of any Medicaid payments SHP has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 13, 2019, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a), for any and all claims arising from the DTaP vaccination administered on November 13, 2019. Petitioner agrees.

**III.    Form of the Award**

The parties recommend that the compensation provided to E.C.B. should be made through a combination of lump sum payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

   **A.** A lump sum payment of $25,000.00 in the form of a check payable to petitioner as guardian/conservator of E.C.B., for the benefit of E.C.B. No payments shall be made

---

[1] Should E.C.B. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

2

until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of E.C.B.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.C.B., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.C.B. upon submission of written documentation of such appointment to the Secretary. Petitioner agrees E.C.B. is a minor child. Petitioner must file evidence of guardianship.

**B.** A lump sum payment of $715.94, representing compensation for satisfaction of SHP's Medicaid Managed Care Plan Lien, payable jointly to petitioner and to:

> Simply Healthcare
> P.O. Box 659940
> San Antonio, TX 78265

Petitioner agrees to endorse this payment to SHP for satisfaction of the Medicaid lien.

**IV.** **Summary of Recommended Payments Following Judgment**

**A.** Lump Sum paid to petitioner as guardian/conservator of the estate of E.C.B. for the benefit of E.C.B. **$25,000.00**

**B.** Lump Sum paid jointly to petitioner and to Simply Healthcare: **$715.94**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

4

        TRACI R. PATTON
        Assistant Director
        Torts Branch, Civil Division

        */s James V. Lopez*
        James V. Lopez
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-3655
        Fax: (202) 616-4310
        Email: james.lopez@usdoj.gov

Date: March 7, 2024