# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1636V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| EMILY BARMICHAEL, as parent and legal representative of her minor child, E.C.B., | * * * * | Special Master Shah |
| Petitioner, | * * | Filed: March 28, 2025 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUM. SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * | * | |

*Ramon Rodriguez, III,* Sands Anderson PC, Richmond, VA, for Petitioner.
*James Vincent Lopez,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 2, 2022, Emily Barmichael ("Petitioner") filed a petition on behalf of her daughter, E.C.B., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Petitioner alleged that E.C.B. developed an "aluminum allergy, post-vaccination granuloma, lymphadenopathy, and resultant sequelae" from the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine E.C.B. received on November 13, 2019. *See id.* On March 7, 2024, Respondent filed a proffer, which former Special

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Master Katherine E. Oler adopted in a Decision awarding compensation filed that same day. ECF Nos. 35, 36. Petitioner was awarded $25,000.00 in pain and suffering and $719.94 to satisfy a Medicaid lien. ECF No. 36.

On September 12, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 39. Petitioner requests attorneys' fees and costs in the amount of $57,209.19, representing $52,447.20 in attorneys' fees, $2,078.55 in attorneys' costs, and $2,683.44 for costs personally incurred by Petitioner. Fees App. at 9. Respondent responded to the motion ("Fees Resp.") on September 13, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2, 4 (ECF No. 41). Petitioner filed a reply on September 13, 2024. ECF No. 42.

This matter is now ripe for consideration.

## I.  Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorney, Ramon Rodriguez, III, M.D.: $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, and $510.00 per hour for work performed in 2024. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work, and I find them to be

2

reasonable here. *See, e.g.*, *Canady v. Sec'y of Health & Hum. Servs.*, No. 18-1624V, 2025 WL 863084, at *4 (Fed. Cl. Spec. Mstr. Feb. 21, 2025).

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See*, *e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. It appears that Petitioner's counsel billed at his full hourly rate for travel time to and from a client visit. Petitioner's counsel billed six hours for travel from Winter Park, Florida to High Springs, Florida to attend a client meeting on May 31, 2023; the trip was billed at his full 2023 hourly rate of $482.00. Ex. 19 at 9. In the Vaccine Program, special masters traditionally have compensated time spent traveling (when no other work was being performed) at one-half an attorney's hourly rate. *See Quinones v. Sec'y of Health & Hum. Servs.*, No. 11-154V, 2023 WL 6464905, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *3 (Fed. Cl. Spec. Mstr. Aug. 2, 2023); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009). This adjustment results in a reduction of **$1,446.00**.[3]

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$51,001.20**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $2,078.55 in attorneys' costs. This amount consists of costs associated with acquiring medical records, the Court's filing fee, travel mileage, and postage. Ex. 18 at 1. Petitioner has provided adequate documentation supporting all requested costs and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and I award them in full.

### D. Petitioner's Costs

Petitioner requests a total of $2,683.44 in costs. *See* Exs. 16-17. This amount consists of a $2,500.00 retainer paid to The Law Office of Marilyn C. Belo related to Petitioner's trust, payment to the Florida Department of Law Enforcement for guardianship costs, various guardianship documents, a family guardianship course, and postage. Petitioner has provided adequate documentation supporting the costs requested and I award them in full.

---

[3] This amount is calculated as $482.00 x 1/2 = $241.00 x 6 hrs = $1,446.00.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $52,447.20 |
| (Reduction to Fees) | ($1,446.00) |
| **Total Attorneys' Fees Awarded** | **$51,001.20** |
| | |
| Attorneys' Costs Requested | $2,078.55 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,078.55** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$53,079.75** |
| | |
| Petitioner's Costs Requested | $2,683.44 |
| (Reduction to Petitioner's Costs) | - |
| **Total Petitioner's Costs Awarded** | **$2,683.44** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $53,079.75, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $2,683.44, representing reimbursement for Petitioner's personally incurred costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/ Jennifer A. Shah</u>
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).